IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MCVAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-2353-SHL-cgc |
| | ) | |
| JERRY WARDLOW, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE § 2254 PETITION (ECF NO. 7); DISMISSING WITH PREJUDICE THE PETITION PURSUANT TO 28 U.S.C. § 2254; DENYING A CERTIFICATE OF APPEALABILITY; CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On June 7, 2023, Petitioner Michael McVay[1] filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by a legal memorandum. (ECF Nos. 1, 1-1.) McVay paid the five-dollar filing fee. (ECF No. 1.) On August 8, 2023, the Court ordered the Respondent to file the state court record and a response to the § 2254 Petition. (ECF No. 5.) On September 1, 2023, Respondent filed the state court record. (ECF No. 6.) On September 5, 2023, Respondent filed a Motion to Dismiss the § 2254 Petition (ECF No. 7 ("MTD")). Petitioner timely filed a reply brief on October 2, 2023. (ECF No. 8.)

For the reasons stated below: (1) the MTD is **GRANTED**; and (2) the § 2254 Petition is **DISMISSED** as time barred.

---

[1] Petitioner is an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF No. 1 at PageID 2.) His Tennessee Department of Correction prisoner number is 00237724. (*Id.*)

I.      **STATE COURT PROCEDURAL HISTORY**

Petitioner was charged with one count each of rape of a child, aggravated sexual battery, rape, and sexual battery by an authority figure. *State v. McVay*, No. W2011-02511-CCA-R3-CD, 2013 WL 1858626, at *1 (Tenn. Crim. App. May 2, 2013), *perm. appeal denied*, (Tenn. Oct. 16, 2013). He was convicted on each count and was sentenced to twenty-five years for rape of a child, twenty years for aggravated sexual battery, twenty years for rape, and ten years for sexual battery by an authority figure. *Id.* at *8. The trial court ordered him to serve these sentences consecutively for an aggregate sentence of seventy-five years. *Id*.

Petitioner appealed his convictions and sentences to the Tennessee Criminal Court of Appeals ("TCCA"). *Id.* at *1–10. The TCCA affirmed the convictions and sentences for rape of a child, rape, and sexual battery by an authority figure and affirmed the trial court's order of consecutive service. *Id.* at *10. The TCCA reversed and remanded the case to the trial court for resentencing on Petitioner's conviction for aggravated sexual battery. *Id.* Petitioner applied for discretionary review by the Tennessee Supreme Court ("TSC"), and his application was denied on October 16, 2013. (ECF No. 6-12 at PageID 616.) He did not file a petition for a writ of certiorari in the Supreme Court. (ECF No. 1 at PageID 4.) On remand, the trial court resentenced Petitioner to twelve years of imprisonment for his aggravated-sexual-battery conviction. (ECF No. 6-13 at PageID 651.) The new judgment was entered on March 11, 2014. (*Id.*)

Petitioner did not appeal the new sentence. *See McVay v. State*, No. W2021-00324-CCA-R3-PC, 2022 WL 421112, at *1 (Tenn. Crim. App. Feb. 11, 2022), *perm. appeal denied*, (Tenn. June 9, 2022). He filed a petition for post-conviction relief ("PCR") in the trial court on December 3, 2019. *Id.* The State moved to dismiss the petition as time barred. *Id.* During a hearing on the motion and "[a]fter brief arguments by both post-conviction counsel and the State, the post-conviction court dismissed the petition as barred by the statute of limitations and determined due

2

process did not require tolling of the statute." *Id.* Petitioner appealed the trial court's dismissal of his post-conviction petition to the TCCA. *See generally id.* The TCCA affirmed the trial court's dismissal and rejected Petitioner's argument of abandonment by counsel following resentencing as a ground for tolling the state post-conviction statute of limitations. *Id.* at *3–4. Petitioner's application for discretionary review by the Tennessee Supreme Court during post-conviction appeal was denied on June 9, 2022. (*See* ECF 6-20 at PageID 758.)

## II.    FEDERAL HABEAS CLAIMS

The § 2254 Petition alleges two grounds for relief[2]:

(1) the consecutive sentencing and authority figure enhancements were unjustly imposed in violation of the 6th Amendment and must be challenged to ensure a fair sentence. (ECF No. 1 at PageID 6, ECF No. 1-1 at PageID 19, 22.) ("Ground One")); and

(2) Petitioner's right to effective assistance of counsel was violated by trial counsel's abandonment, causing prejudice to Petitioner's case. (ECF No. 1 at PageID 8, ECF No. 1-1 at PageID 19-20, 22.) ("Ground Two")).

## III.   ANALYSIS

Respondent contends that the § 2254 Petition is time-barred and that Petitioner is not entitled to equitable tolling. (ECF No. 7-1 at PageID 764–69.) Petitioner concedes that his claims are untimely (ECF No. 1 at PageID 14; ECF No. 1-1 at PageID 26–28), but argues equitable tolling should apply. (ECF No. 1 at PageID 14; ECF No. 1-1 at PageID 22, 26–28; ECF No. 8 at PageID 771–72.)

### A.  § 2254 Petition Is Untimely

There is a one-year statute of limitations for filing a petition for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the running of the limitations period began on "the date on which the judgment became final

---

[2] Petitioner's legal memorandum states that it seeks relief on "four grounds" but only lists two grounds for relief. (ECF No. 1-1 at PageID 19–20, 22.)

3

by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

Here, there are two applicable statutes of limitations, one related to Petitioner's resentencing for his conviction of aggravated sexual battery following his direct appeal and the other applicable to the other aspects of his case. *See McVay*, 2013 WL 1858626, at *10; *Freeman v. Wainwright*, 959 F.3d 226, 231 (6th Cir. 2020) ("any full resentencing creates a new judgment for AEDPA [Antiterrorism and Effective Death Penalty Act of 1996] purposes"). For the aggravated-sexual-battery conviction, the trial court resentenced Petitioner and entered a new judgment on March 11, 2014. (ECF No. 6-13 at PageID 651–52.) Petitioner did not appeal his new sentence. *See McVay*, 2022 WL 421112, at *1. Under Tennessee law, this judgment of conviction became final thirty days later on April 10, 2014. *See State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003) ("judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed") (citing Tenn. R. App. P. 4(a)). Under Federal Rule of Civil Procedure 6, the AEDPA statute of limitations began running the next day, Friday, April 11, 2014. Fed. R. Civ. P. 6(a)(1)(A) ("exclude the day of the event that triggers the period"); 28 U.S.C. § 2244(d)(1)(A). Therefore, the federal statute of limitations expired on Monday, April 13, 2015, nearly eight years before Petitioner filed the petition challenging this conviction.[3]

---

[3] The one-year habeas limitations period began on Friday, April 11, 2014, and expired on Monday, April 13, 2015. Because the last day of the § 2254 limitations period fell on Saturday, April 11, 2015, Petitioner had until the close of business on Monday, April 13, 2015, to file a timely § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

As for his other convictions, the TCCA affirmed his convictions and the sentences for rape of a child, rape, and sexual battery on May 2, 2013, (*McVay*, 2013 WL 1858626, at *10), and the TSC denied permission to appeal on October 16, 2013. (ECF No. 6-12 at PageID 616.) Petitioner's conviction became final upon the expiration of his time to file a petition for a writ of certiorari with the United States Supreme Court on January 14, 2014—*i.e.*, ninety days after the TSC denied discretionary review on October 16, 2013. *See* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed with the Clerk of the United States Supreme Court within ninety days after entry of order denying discretionary review). The running of the § 2254 limitations period began on January 15, 2014. Petitioner had one year, or until January 15, 2015, to file a habeas petition. Petitioner, instead, filed the § 2254 Petition in June 2023, more than eight years after the habeas statute of limitations expired.

The PCR Petition, which was filed on December 3, 2019, did not toll the running of the limitations period under 28 U.S.C. §2244(d)(2) because, by that time, the limitations period had already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Owens v. Stine*, 27 F. App'x 351, 353 (6th Cir. 2001) ("A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, the § 2254 Petition is untimely.

    B. **Equitable Tolling Does Not Apply**

Section 2244(d)(1)'s one-year statute of limitations is not jurisdictional and is subject to equitable tolling in extraordinary circumstances. *Johnson v. Settles*, No. 1:17-cv-1195, 2018 WL

5

1788064, at *1 (W.D. Tenn. Apr. 13, 2018) (citing *McClenson v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003)). "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The § 2244(d)(1) limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also id.* at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'") (citation and additional internal quotation marks omitted).

Actual innocence, if proved under the standard applied in *Schlup v. Delo*, 513 U.S. 298 (1995), serves as a gateway through which a petitioner may obtain review of his otherwise untimely claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To open the gateway, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327. The standard for gateway actual innocence claims is "demanding." *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "[T]enable actual-innocence gateway pleas are rare." *Id.* at 386, 394–95 (gateway actual innocence "applies to a severely confined category"); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) ("[T]he actual innocence

6

exception should remain rare and only be applied in the extraordinary case"). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316.)

Here, McVay offers conclusory arguments that he is entitled to equitable tolling. He contends that he pursued his rights diligently and that an extraordinary circumstance of trial counsel's abandonment prohibited timely filing. (*See* ECF No. 1-1 at PageID 26–28; *see also* ECF No. 8.) He fails to assert a gateway actual innocence claim. He presents no new evidence that was not presented at trial. (*See id.*) His bald assertions do not meet the standard for equitable tolling and does not put forth a gateway actual innocence claim.

Because the § 2254 Petition is untimely and Petitioner is not entitled to equitable tolling, the § 2254 Petition is time-barred. The MTD (ECF No. 7), is **GRANTED.** The § 2254 Petition (ECF No. 1), is **DISMISSED WITH PREJUDICE**.

IV.   **APPELLATE ISSUES**

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner

7

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, the § 2254 Petition is time barred. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a COA.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED**, this 27th day of August, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).

8